LAWRENCE v. CAMMEYER.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. CONTRACT—FORBEARANCE—CONSIDERATION—EVIDENCE.

Plaintiff rendered valuable services to defendant's wife in her lifetime, for which she promised to leave plaintiff personal property and the sum of $90,000. The wife died, leaving·a will executed many years before her death, by which her entire estate passed to her husband, who assured plaintiff that she would get the amount promised, and more. Defendant induced plaintiff not to appear in the proceeding for the probate of his wife's will, and she forbore contest thereof; relying on defendant's promise to fulfill his wife's agreement, and believing that the will contained a provision for her benefit. Defendant,. after his wife's death, made payments of money to plaintiff for her support, not shown to have been gratuitous, but claimed that the agreement was that he should make a will in plaintiff's favor. Held, that such facts tended to support a complaint to recover the property and money promised ·by defendant's wife, under an express promise in consideration of plaintiff's refraining from asserting her claimed legal rights.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Ida M. Lawrence against Alfred J. Cammeyer. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and PATTERSON, JJ.

R. S. Ransom, for appellant.
T. T. Sherman, for respondent.

PATTERSON, J. At the trial of this action the complaint was dismissed, and· the appeal is from the judgment entered upon such dismissal. If there were nothing more in the case than the one question referred to by the learned judge when he disposed of it, we should not feel inclined to differ with him in the view he took of it. ·The action was brought to compel the defendant to account to the plaintiff for personal property, and to pay her the sum of $90,000. The theory of the action is that the liability sought to be enforced was incurred by the defendant upon an express promise, relying upon which the plaintiff refrained from asserting claimed legal rights. The plaintiff was

the sister of the defendant's wife, and there can be no doubt, upon the testimony, of the tender and affectionate relations existing between the two sisters, and of the devoted attention and service which the plaintiff gave to her sister during her lifetime, and especially in, her last illness—a service which seems to have been fully recognized by the defendant, and for which he expressed great gratitude. It might also be found as a fact, upon the evidence, that Mrs. Cammeyer promised the plaintiff to leave her some personal property and the sum of $90,000, and we think, upon a fair reading of the record, that it is to be inferred that the defendant knew of that promise, and was fully advised of his wife's intention; but it is a question whether he promised the plaintiff, in view of his wife's intention, and his knowledge of it, and in consideration of the services which the plaintiff had rendered to his wife, to pay the plaintiff, from his wife's estate, the sum of money mentioned, and allow her to receive or retain the personal property she claims was given to her by her sister. Mrs. Cammeyer died, leaving a will which was executed many years before her death, by which her estate, which was of considerable value, passed to her husband. So far as the defendant's promise to the plaintiff is concerned, her own testimony, in one aspect, is susceptible of the construction that such promise was not to pay the money immediately, but to make provision for her and her daughter in his (the defendant's) will. She testified that upon her return to the United States from Europe, whither she had been with Mrs. Cammeyer, who died abroad, the defendant came to meet her on the incoming ship, and said to her that "he had done his duty to the dead, and his duty now was to the living, and for me to leave everything to him. Everything would be all right. I was well provided for; he had made a cast-iron will; no one could break it. And I told him then, * * * yes, I knew my sister had left me $90,000 and her personal effects; and he said: 'Yes, yes, I know that; and you will get that and more. Leave everything to me.' " But there is other testimony in the case tending to show that the defendant did recognize a present obligation to the plaintiff. There is also testimony, irrespective of that of the plaintiff herself, that Mrs. Cammeyer did intend to make provision for her devoted and affectionate sister, the plaintiff. It seems to be clear that the plaintiff understood and believed that Mrs. Cammeyer had made a will in her favor, leaving her substantially a bequest of the character claimed, and that she understood the defendant, in his conversations with her, as meaning to carry out the wishes of his deceased wife. As remarked before, if nothing else were in proof than what was said by the defendant in his conversation with the plaintiff, to which reference has been made, it might be adjudged that all he assumed to do was to provide in his own will for the plaintiff, in accordance with what he understood to be the desire of his wife, but there is much more than that in the proofs. It appears that for some time after the decease of the defendant's wife he made contributions of money to the plaintiff for her support. There is nothing to show that these payments were gratuities, and further than that, the evidence of the plaintiff indicates that the defendant induced her to refrain from doing anything to assert her rights. The will of Mrs. Cammeyer was of-

fered for probate, and the plaintiff was cited in the probate proceeding. She knew nothing of the contents of the will, but, according to her own testimony, she supposed provision had been made for her, in accordance with the intention of her sister as expressed. She went to the defendant with the citation, and he told her, if her story is to be believed, not to appear in that proceeding, but to retain the citation as evidence that she had been cited. She did not appear. Subsequently another proceeding was had in the Surrogate's Court, in which she was cited, and she also took that citation to the defendant, who informed her that it was unnecessary for her to appear or to employ a lawyer. The effect of her testimony is that she remained quiescent in the belief that the will, which was proven, provided for her, and that the defendant would discharge his obligation to her as she understood it to exist, and that such passivity on her part was induced by the defendant. Therefore her claim is that she was prevented from appearing in the proceeding, in which she might have opposed the probate of the will as offered, and have insisted that there was a subsequent will which provided for her. Whether there would be any merit in such insistency cannot be determined now. It must depend entirely upon facts which may be made to appear. The complaint was dismissed at the close of the plaintiff's case only upon the ground that the promise proven as against the defendant was one relating to a testamentary provision by the defendant for the benefit of the plaintiff.

We think, upon the whole case, that the complaint should not have been dismissed; and that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur, except VAN BRUNT, P. J., who dissents.